IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OLIVER McCOMB,

      Petitioner,

      v.

UNITED STATES OF AMERICA,

      Respondent.

Civil Case No. 2:16-cv-507
Criminal Case No. 2:04-cr-00114
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Petitioner, a federal prisoner, has filed the instant Motion to Vacate Under 28 U.S.C. § 2255 and Motion to Hold Case in Abeyance. (ECF Nos. 105, 107.) This matter is before the Court pursuant to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, this action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition. Petitioner's Motion to Hold Case in Abeyance (ECF No. 107) is **DENIED**.

Petitioner challenges his sentence under the Armed Career Criminal Act ("ACCA"). Petitioner was convicted after a jury trial on six counts of interference with commerce by robbery and four counts of carrying a firearm in relation to a crime of violence. On December 21, 2005, the Court imposed an aggregate sentence of 1,410 months of imprisonment. (ECF No. 71.) The United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment. *United States v. McComb*, 249 F. App'x 429, 2007 WL 2859743 (6th Cir. Oct. 3, 2007).

On November 30, 2007, Petitioner filed his first Motion to Vacate Under 28 U.S.C. § 2255. (ECF No. 74.) On May 29, 2009, the Court denied the motion. (ECF No. 94.) On November 12, 2009, the Sixth Circuit denied Petitioner's application for a certificate of

appealability. (ECF No. 97.) On May 26, 2011, the Sixth Circuit denied Petitioner's motion for leave to file a second or successive § 2255 motion. (ECF No. 98.) On October 20, 2014, the Sixth Circuit again denied Petitioner's application for authorization to file a second or successive § 2255 motion to vacate his sentence. (ECF No. 99.) On March 16, 2015, Petitioner filed another Motion to Vacate Under 28 U.S.C. § 2255. (ECF No. 100.) On July 15, 2015, the Court denied the motion as successive. (ECF No. 104.)

On June 2, 2016, Petitioner, through counsel, filed the instant Motion to Vacate Under 28 U.S.C. § 2255. (ECF No. 105.) He asserts that the Court improperly sentenced him as a career offender in view of *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the United States Supreme Court declared the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) to be unconstitutionally vague. Plainly, this newest Petition constitutes a successive § 2255 motion.

Before a second or successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). When a district court determines that a motion to vacate constitutes a successive motion, that court lacks jurisdiction to entertain the motion unless the court of appeals has authorized the filing. *In re Smith*, 690 F.3d 809 (6th Cir. 2012). Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

Because Petitioner has filed earlier motions to vacate, the Motion to Vacate Under 28 U.S.C. § 2255 presently before the Court constitutes successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider it.

Petitioner also moves the Court to hold this action in abeyance pending a ruling from the United States Court of Appeals for the Sixth Circuit on his application for authorization to file a successive § 2255 motion to prevent the government from asserting any claim that the action is time-barred by the one-year statute of limitations under 28 U.S.C. § 2255(f).  *See Dodd v. United States*, 545 U.S. 353, 356 (2005) (holding that applicant has one year from the date on which the right he asserts was initially recognized by the Supreme Court to file his § 2255 petition).  This Court, however, lacks jurisdiction to address the § 2255 motion absent authorization from the United States Court of Appeals.  Further, the statute of limitations is tolled during the time period that Petitioner seeks authorization for the filing of a successive petition.  *See In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997).

Therefore, Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 105) is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

Petitioner's Motion to Hold Case in Abeyance (ECF No. 107) is **DENIED**.

**IT IS SO ORDERED.**

Date: June 16, 2016 　　　　　　　　　　　　　　_____s/James L. Graham_____
　　　　　　　　　　　　　　　　　　　　　　　　JAMES L. GRAHAM
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

.