# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**OLIVER McCOMB, JR.,**

                              CASE NO. 2:20-CV-4982
                              2:04-CR-114

      **Petitioner,**          **JUDGE JAMES L. GRAHAM**
                              **Chief Magistrate Judge Elizabeth P. Deavers**

      v.

**UNITED STATES OF AMERICA,**

      **Respondent.**

## OPINION AND ORDER

Petitioner, a federal prisoner, has filed a Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 116.) This matter is before the Court on to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, the motion to vacate (ECF No. 116) is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

## I.    PROCEDURAL HISTORY

Petitioner was convicted after a jury trial on six counts of interference with commerce by robbery and four counts of carrying a firearm in relation to a crime of violence. In December 2005, the Court imposed an aggregate sentence of 1,410 months' incarceration. (ECF No. 71.) The United States Court of Appeals for the Sixth Circuit affirmed Petitioner's convictions. *United States v. McComb*, 249 F. App'x 429 (6th Cir. 2007). On September 22, 2020, Petitioner filed this Motion to Vacate under 28 U.S.C. § 2255. He asserts that the Court lacked jurisdiction and his convictions must be vacated. However, this is not Petitioner's first federal habeas corpus petition. (See ECF Nos. 74, 94, 100, 104, 105, 108.)

## II.  SUCCESSIVE PETITIONS

Before a successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). When a district court determines that a motion to vacate constitutes a successive motion, that court lacks jurisdiction to entertain the motion unless the court of appeals has authorized the filing. *In re Smith*, 690 F.3d 809 (6th Cir. 2012). Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

Because Petitioner has filed earlier motions to vacate, his present motion constitutes successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider it. *See In re Franklin*, 950 F.3d 909 (6th Cir. 2020).

## III.  DISPOSITION

Accordingly, the Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 116) is hereby **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

**IT IS SO ORDERED**.

Date: September 25, 2020

            _____s/James L. Graham_____
            **JAMES L. GRAHAM**
            **UNITED STATES DISTRICT JUDGE**