IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                Case No. 2:04-cr-114

Oliver McComb, Jr.

<u>OPINION AND ORDER</u>

Defendant was convicted by a jury of six counts of interference with commerce by robbery in violation of 18 U.S.C. §1951, and four counts of using, carrying or brandishing a firearm during a crime of violence in violation of 18 U.S.C. 924(c). Defendant was sentenced to concurrent terms of incarceration of 210 months on the Hobbs Act counts, and to consecutive terms of incarceration of 300 months on each of the §924(c) counts, resulting in a total sentence of 1410 months, or 117.5 years. He has been in custody approximately 17 years.

On January 14, 2019, defendant filed a motion for reduction of sentence under the First Step Act of 2018, noting the change in penalties applicable to certain offenses under §924(c). Doc. 111. On January 15, 2019, an order was entered denying the motion. Doc. 112. The court noted that the change in §924(c) penalties was not retroactive, and that, in any event, the change would not apply in defendant's case due to his prior conviction for a §924(c) offense in a previous federal case in 1993. Doc. 112.

On March 1, 2021, defendant filed a <u>pro</u> <u>se</u> motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A)(i), as amended by the First Step Act. Doc. 120. Defendant argued that compassionate release was warranted to mitigate his harsh sentence. Defendant sought compassionate release due to his age (62) and alleged health problems, including prior knee, gall bladder and

stomach surgeries and upcoming foot and hip surgeries, high blood pressure, and liver and kidney problems. Defendant also argued that he was at risk of serious illness due to COVID-19.

Counsel was appointed to represent the defendant. On May 3, 2021, counsel filed a supplement to the motion, arguing that defendant's health problems, his risk of serious illness due to COVID-19, and the deteriorating effects of his health problems and age warranted his early release. Doc. 125.

The government responded on May 19, 2021. Doc. 126. The government did not contest that defendant had exhausted his administrative remedies as required under §3582(c)(1)(A). However, the government opposed the motion, arguing that defendant failed to show an extraordinary reason for compassionate release, and that the motion should be denied based on the factors in 18 U.S.C. §3553(a).

I. Standards for Compassionate Release

Under 18 U.S.C. §3582(c)(1)(A)(i), the court can reduce a sentence under §3582(c)(1)(A) if the court finds that "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. §3582(c)(1)(A)(i). District courts have full discretion to define what constitutes an "extraordinary and compelling" reason. See United States v. Jones, 980 F.3d 1109, 1111 (6th Cir. Nov. 20, 2020). The court must also consider the factors set forth in 18 U.S.C. §3553(a) to the extent that they are applicable. §3582(c)(1)(A). If, after weighing the §3553(a) factors, the court decides that the motion is well taken, the court "may reduce the term of imprisonment[.]" §3582(c)(1)(A). The grant of compassionate release is at the discretion of the court. United

2

States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020).

Although §3582(c)(1)(A) also requires that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" found in the United States Sentencing Guidelines, §1B1.13 and Application Note 1, the Sixth Circuit has held that the policy statements do not apply to cases in which an inmate files a motion for compassionate release, and that district courts have full discretion to define what constitutes an "extraordinary and compelling" reason without consulting the policy statement. See Jones, 980 F.3d at 1111. Therefore, the court will not base its decision on whether defendant's health problems satisfy the policy statements.

II. Reasons for Compassionate Release

Defendant alleges that his age, attendant declining health and medical conditions warrant his release. He asserts that he has had knee, gall bladder and stomach surgeries, and that he is also facing foot and hip surgeries. He also claims to have high blood pressure and unspecified liver and kidney problems. He has submitted no medical records regarding his medical conditions, nor has he demonstrated in what respect the Bureau of Prisons ("BOP") has failed to treat any particular condition. He is currently housed at the Federal Medical Center in Springfield, Missouri. Although he questions whether the BOP is prepared to adequately address his health problems, he has submitted no evidence in support of this claim. He has submitted no medical evidence indicating that he is experiencing any continued symptoms or problems stemming from his previous surgeries. In denying defendant's request for a reduction in sentence, the warden noted

3

that although defendant has chronic medical issues, he does not have a debilitating medical condition, he is able to care for himself, and he does not require assistance with his activities of daily living. Doc. 126-2. Defendant has not shown that his health concerns arise to an extraordinary level.

As to the risk of contracting COVID-19 at the institution, defendant argues that his age and high blood pressure put him at increased risk. According to the Centers for Disease Control, persons with pulmonary hypertension (high blood pressure in the lungs) have an increased risk of serious illness from COVID-19, and persons with hypertension may be at increased risk. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 24, 2021). According to the presentence investigation report ("PSR"), defendant reported that he had high blood pressure and that he took medication for this condition. There is no evidence that defendant has pulmonary hypertension. No medical records have been submitted indicating that defendant has high blood pressure which is not controlled with medication. The CDC also reports that 80 percent of COVID deaths have involved persons over age 65, and 95 percent of the deaths have involved persons over age 45. However, defendant has presented no medical evidence of any underlying health conditions which would put him particularly at risk when combined with his age of 62.

The BOP has also begun a program of vaccinating staff and inmates. https://www.bop.gov/coronavirus (last visited May 25, 2021). At this point, 343 staff members and 453 inmates have been vaccinated at Springfield MCFP. The BOP reports that no inmates or staff have currently tested positive for the virus at Springfield

4

MCFP.  This indicates that the BOP's efforts at controlling the spread of the virus have been effective.  According to a medical record submitted by the government, defendant was offered and refused the Moderna COVID-19 vaccine on December 30, 2020.  Doc. 126-3.  While defendant had the right to decline receiving the vaccine, his unexplained refusal casts some doubt on the sincerity of his concern about contracting the disease.  Defendant has not shown that his age and health conditions, even when considered in light of the threat of COVID-19, constitute an extraordinary reason warranting his early release.

Defendant also notes the harshness of his sentence.  He erroneously argues that he would not receive this sentence if he were sentenced today.  As this court previously noted in its order of January 15, 2019, the change in §924(c) penalties under the First Step Act was not retroactive, and, in any event, that change would not apply in defendant's case due to his prior conviction for a §924(c) offense in Case No. 2:92-cr-129, which became final before the violations in the instant case.  See Doc. 112; 18 U.S.C. §924(c)(1)(C)(i)(providing for a sentence of 25 years for violations occurring after a prior conviction under §924(c) has become final).  The mandatory sentence imposed in this case is no different from the penalties faced by similarly-situated defendants who have a prior §924(c) conviction.

The court concludes that the above circumstances relied on by defendant, even if considered cumulatively, do not constitute an extraordinary and compelling reason for his release.

III. §3553(a) Factors

The court must also address the applicable §3553(a) factors. The offenses in this case were serious.  From May 10, 2004, through

June 16, 2004, defendant committed six Hobbs Act offenses. Defendant possessed a firearm during four of these robberies. During the first robbery on May 4, 2004, defendant grabbed the assistant manager by the hair when she attempted to run and pulled her to the floor. In the final robbery on June 16, 2004, defendant produced a gun and instructed the clerk to lie on the floor. The total financial loss to the victims was $3,812.26. Defendant was 45 years old at the time of these robberies, so he cannot rely on the excuse that he was young and immature. The guideline range on the Hobbs Act counts was 210-262 months, and the court chose a sentence of 210 months, at the bottom of that range. A mandatory minimum consecutive term of incarceration of 300 months was imposed on each of the §924(c) counts. The total sentence was 1,410 months.

As to the history and characteristics of the defendant, the PSR indicates that he was raised in a two-parent home, but that his father had a drinking problem. Defendant has a history of crack cocaine use, but he reported to the probation officer that he did not use this substance between his release from prison in 1991 and his arrest in 1992. At the time of his convictions for the offense in this case, defendant was in Criminal History Category VI and was designated as a career offender. His juvenile record included three convictions for grand larceny and one conviction for receiving stolen property. As an adult, his convictions included: a 1977 conviction for grand larceny; 1980 convictions for burglary and theft; a 1983 conviction for burglary; two convictions in federal court in 1991 for bank robbery, resulting in a lenient 28-month sentence (he was released on supervised release on September 19, 1991, and, beginning on October 14, 1991, he proceeded to

6

commit four more robberies); convictions in 1993 in state court for two aggravated robberies and one robbery; and convictions in federal court in 1993 for armed bank robbery and possession of a firearm during a crime of violence. According to the PSR, after serving the 12-year sentence imposed in the last of these federal cases, defendant was placed on supervised release on April 30, 2004. Ten days later, he committed the first of the robberies charged in the instant case.

Defendant has served about 203 months, or approximately 14.4% of the total sentence. Viewed another way, he has almost served the sentence of 210 months imposed for the six robberies, but has not begun to serve any time on the four consecutive sentences of 300 months imposed on the §924(c) counts. A reduced sentence would not be sufficient to reflect the seriousness of the offenses, promote respect for the law, or provide just punishment. In light of defendant's criminal history, which demonstrates defendant's propensity to start committing robberies soon after being released on supervision, the time he has served is not sufficient to afford adequate deterrence or to protect the public from more crimes by the defendant. Although the defendant is now 62 years of age and claims to have health problems, the record is insufficient to show that he would not be physically capable of resuming his life-long criminal career if he is released.

The court concludes that the §3553(a) factors warrant denying defendant's motion for a reduced sentence. Even assuming, <u>arguendo</u>, that all of the circumstances advanced by defendant, including his age and health conditions, the COVID-19 pandemic, and the length of his sentence, considered together, are sufficient to constitute an "extraordinary and compelling reason" for a sentence

7

reduction, that reason is outweighed by the statutory factors which militate against defendant's early release.

IV. Conclusion

In accordance with the foregoing, defendant's motions for a reduced sentence (Docs. 120 and 125) are denied.

Date: May 25, 2021                         s/James L. Graham
                                    James L. Graham
                                    United States District Judge